UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ADVANSIX INC.,

   Plaintiff,

  v.

ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY, *et al.*,

   Defendants.

Civil Action No. 2:21-cv-07962-MEF-CLW

OPINION

I. **Introduction**

This matter is before the Court on Defendants' motion for partial reconsideration of the Court's June 20, 2023 Order (the "Order," ECF No. 189) granting Rule 37 sanctions in favor of plaintiff AdvanSix Inc. ECF No. 190. The Court has carefully considered the parties' submissions and decides the matter without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated below, Defendants' motion is denied.

II. **Background**

The Court assumes familiarity with the facts underlying this matter — discussed in full in the opinion accompanying the Order (the "Opinion," ECF No. 188) — and therefore will not recite them at length here. Briefly stated, AdvanSix moved for sanctions to recover costs incurred in connection with various discovery disputes resolved in its favor. ECF No. 158. The Court granted AdvanSix's motion in part. Defendants now seek reconsideration of the Court's sanctions award with respect to four items: (i) claims handling guidelines; (ii) interrogatory 8; (iii) AdvanSix's May 2022 motion to compel; and (iv) the reopening of depositions.[1]

---

[1] In opposition, AdvanSix seeks to recover the costs associated with responding to Defendants' instant motion and for interest on the initial sanctions award. As discussed below, the Court will deny this request.

## III.  **Legal Standard**

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly'". *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)). It requires "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on the underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)) (emphasis removed). As in their most recent reconsideration motion, Defendants fail to identify the prong upon which their motion proceeds; it appears to invoke the third.

A motion for reconsideration is "not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Shanahan v. Diocese of Camden*, 2014 U.S. Dist. LEXIS 37994, at *5-6 (D.N.J. Mar. 21, 2014) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)) (emphasis removed). Litigants likewise "cannot use a motion for reconsideration to rehash issues and arguments that have been ruled upon." *Kahan v. Slippery Rock Univ. of Pa.*, 2014 U.S. Dist. LEXIS 171297, at *32 (W.D. Pa. Dec. 11, 2014) (citing *Keyes v. National R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. Apr. 4, 1991)). Instead, and "as the language of Rule 7.1(i) implies, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Shanahan*, 2014 U.S. Dist. LEXIS 37994, at *6 (quoting *A & L Indus., Inc. v. P. Cipollini, Inc.*, 2013 U.S. Dist. LEXIS 165543, 2013 WL 6145766, *1 (D.N.J. Nov. 21, 2013)) (cleaned up).

IV.  **Analysis**

a.  **Claims Handling Guidelines**

The relevant chronology as to Defendants' claims handling guidelines is as follows. AdvanSix first raised Defendants' refusal to produce these materials in its January 2022 letter. *See* ECF No. 63 (the "January letter") at, *e.g.*, 4 ("AdvanSix seeks underwriting and claim handling materials that relate to the proper construction, application, interpretation, and/or calculation of the policy provisions that are in dispute."). After a February 2022 conference, the Court directed Defendants to "produce discovery on . . . the bad faith claim . . . . In the event defendant does not produce those documents, plaintiff may file a Motion to Compel." ECF No. 67. The Court also scheduled a telephone conference for April 14, 2022. *Id.*

One day before the April 14 conference, AdvanSix filed a motion to compel, *inter alia*, the claims handling guidelines. ECF No. 76 (the "April motion"). During the conference, Defendants advised, for the first time, that they would produce these materials without reciprocal compromise from AdvanSix. The Court memorialized this representation in an order of the same date stating "Defendant[s] shall turn over claims [handling] files." ECF No. 77. Defendants began doing so, but their production was, according to AdvanSix, piecemeal and filled with redactions, resulting in a May 2022 motion brought by AdvanSix seeking complete and unredacted claims handling guidelines. ECF No. 79 (the "May motion"). After mistakenly terminating the May motion, *see* ECF No. 80, ECF No. 102 at 5, Opinion at 7 n.9, the Court reinstated and ultimately resolved it by ordering Defendants to produce complete and unredacted claims handling materials by a date certain. ECF No. 86.

As relevant, the Court granted sanctions in connection with the January letter and portions of the May motion, but not the April motion (or the portion of the May motion seeking unredacted

claims handling guidelines). *See* Opinion at 12-13, 15-16; Order at 1 and n.1. Defendants' present argument thus goes that, because the Court denied AdvanSix's sanctions request in connection with the April motion, and because only that motion preceded Defendants' agreement to produce claims handling guidelines, a sanctions award in connection with those materials is inappropriate. *Cf.* FED. R. CIV. P. 37(a)(5) (directing sanctions, *inter alia*, "if the disclosure or requested discovery is provided after the motion was filed").

While this argument (unlike some of those discussed below) is reasonable enough, the Court will modify, but not disturb, its award of costs in connection with the claims handling guidelines. To wit: upon full consideration of the record, although Defendants are correct that the May motion is not an appropriate predicate for a sanctions award as to the claims handling guidelines, the April motion is.

The Court's rationale for the denial of costs in connection with the April motion was two-fold: first, the motion "lacked the required 'certification that the movant has in good faith conferred or attempted to confer with [Defendants] in an effort to obtain [discovery] without court action.'" Opinion at 16 (quoting FED. R. CIV. P. 37(a)(1)). Second, the April motion was largely duplicative of the May motion. *Id.* The Court is of the view that these rationales do not hold in the specific context of the claims handling guidelines. As to the first, while the April motion did not contain a formal Rule 7.1 certification, the record demonstrates that AdvanSix made substantial conferral efforts with Defendants before bringing the motion. *See* ECF No. 63 at, *e.g.*, 5; ECF No. 76-1. This satisfies the purpose of the conferral requirement; namely, "to preserve judicial resources by allowing parties to resolve disputes amicably." *See Ward v. LVNV Funding, LLC*, 2023 U.S. Dist. LEXIS 114868, at *5 (D. Or. July 5, 2023) (citing *Wesley v. Gulick*, 2017 U.S. Dist. LEXIS 179469, 2017 WL 8950508, at *7 (D. Or. Aug. 25, 2017)); *e.g.*, *Lawrence v. VB Project, LLC*,

2014 U.S. Dist. LEXIS 128018, at *4-5 (S.D. Fla. Sep. 12, 2014) ("Under the facts of this case, the Court will not deny Defendant's Motion for failure to strictly comply with the conferral requirement. Although Defendant's counsel did not directly confer with Plaintiff's counsel before filing the Motion, the record reflects a give-and-take between Defendant's paralegal and Plaintiff's paralegal in a good faith effort to resolve the issue raised in the Motion. Because Defendant complied with the spirit, albeit perhaps not the letter, of Local Rule 7.1(a)(3), the Court will not deny Defendant's Motion on this ground.") (citations omitted); *Puccio v. Sclafani*, 2013 U.S. Dist. LEXIS 113273, at *9 (S.D. Fla. Aug. 12, 2013) (declining to deny motion to compel due to violation of conferral requirement because counsel "did meet the spirit and purpose" of the Rule). Here too, AdvanSix met the spirit and purpose of the conferral rule before filing the April motion and so, upon reconsideration, the Court finds that it need not reject AdvanSix's request for costs in connection with the April motion due to AdvanSix's failure to provide a formal Rule 7.1 certification.

As to the Court's second, "more important" consideration, while much of the April and May motions are duplicative,[2] the portions of the respective motions concerning claims handling guidelines are quite different. The former argued for production of these materials as an initial matter; the latter complained of Defendants' piecemeal and redacted productions. *Compare* April motion at 5 ("the Insurers have refused to produce the requested claims handling materials and Guidelines"); *id.* at 9-10 (arguing for claims handling guidelines' relevance) *with* May motion at 5 (arguing that "what the Insurers have produced falls far short of what was promised"; namely, "incomplete . . . claims-handling guideline production . . . laden with improper redactions"). These

---

[2] For this reason, the Court will not disturb its prior denial of costs in connection with the balance of the April motion.

are, of course, very different problems raised in AdvanSix's two motions. With this finding, the Court's second reason for denying costs in connection with the portion of the April motion seeking claims handling guidelines also falls. The Court therefore can, and will, hinge an award of costs in connection with claims handling guidelines upon AdvanSix's request for such materials in the April motion.[3] Accordingly, to the extent Defendants seek to avoid sanctions relating to the claims handling guidelines, that request is denied.

### b.  **Other Topics**

The other topics raised in Defendants' motion require less discussion. First and as observed in the Opinion, Defendants failed to address interrogatory 8 in their opposition to AdvanSix's underlying sanctions motion. Opinion at 13. Their present argument on this matter is therefore one that "could have been, but was not, argued in the original set of moving and responsive papers", *Shanahan*, *supra*, and therefore is denied out of hand.

Defendant's arguments as to the May motion likewise fail. Their main contention is that the motion was terminated for being filed without leave of Court; as made abundantly clear both on the oral record and in the Opinion, however, this was done in error and the motion was reinstated. *See* ECF No. 102 at 5; Opinion at 7 n.9. Defendants also argue the rationales discussed above for rejecting sanctions in connection with the April motion should apply to the May motion. But the May motion contained a conferral certification, *see* ECF No. 79-1, and while portions of it are duplicated in AdvanSix's June 2022 motion, this does not mandate reconsideration of the award of costs in connection with the former. Instead, the Court will reject any attempt by

---

[3] The propriety of this conclusion is bolstered by the fact, noted above, that in February 2022, the Court ordered discovery on the bad faith claim, which appear to encompass claims handling guidelines. *See* ECF No. 63 at 4 (arguing that claims handling guidelines "are facially relevant to the questions of coverage and bad faith, as they go directly to the issue of how the Policies are (or should have been) interpreted"); ECF No. 67 (directing production of bad faith discovery).

AdvanSix to claim costs for portions of the June 2022 motion that had already been prepared in the May motion.[4]

Finally, Defendants address the award of costs in connection with re-opening depositions for underwriting purposes, seeking "clarity on the issue." The Court will clarify that AdvanSix may obtain those costs occasioned by having to take depositions in two stages rather than one. So, for example, if AdvanSix's counsel is traveling for these depositions, costs incurred in making the second trip are compensable. Conversely, if AdvanSix first questioned Defendants' witnesses on non-underwriting topics, and then questioned them on underwriting topics that otherwise would have been part of the first examination, costs incurred for the latter are not compensable, save for questioning necessitated by the depositions being taken in two stages.

c. **AdvanSix's Requests for Additional Costs**[5]

AdvanSix has requested costs incurred for opposing Defendants' current motion. The Court will deny this request. While some of Defendants' present arguments are patently meritless (particularly those concerning interrogatory 8 and the purportedly "rejected" May motion), others, as discussed above, raise legitimate questions. Moreover, there is considerable authority supporting the notion that such requests are beyond the scope of Rule 37. *See, e.g.*, *Telluride Management Solutions v. Telluride Inv. Group*, 55 F.3d 463, 467 (9th Cir. 1995) ("Although Rule

---

[4] The Court arguably could take this approach as to the duplicate portions of the April and May motions discussed above. But considering that the result of doing so would likely be very similar to an outright denial of costs for non-claims handling materials arguments posed in the April motion, and because the parties have not briefed this specific question, the Court will let these sleeping dogs lie.

[5] The Court rejected Defendants' reply brief as being improperly submitted on a motion for reconsideration. ECF No. 203. In fairness to Defendants, the Court did consider the reply as to AdvanSix's arguments raised for the first time in opposition.

37 provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration.").[6]

The Court likewise will deny without prejudice AdvanSix's request for an award of interest, a decision made substantially on procedural rather than substantive grounds. As noted in the Opinion and reiterated here, "the Court does not condone what it views as Defendants' questionable, evasive, and — in some instances — sanctionable litigation conduct." Opinion at 14. Had AdvanSix sought interest in its original sanctions motion, the Court would have given serious consideration to the request, particularly given its suspicion that Defendants' litigation tactics are driven by a desire to either hide information from AdvanSix and the Court or delay adjudication of this case as long as possible (or, more likely, both). But a passing one-paragraph request in an opposition to a motion for reconsideration is not the proper place for such an application, which is accordingly denied at this juncture. Notwithstanding, the Court believes an interest award may be appropriate in view of Defendants' conduct throughout this litigation. It will therefore reserve decision on the question of interest until such time that it renders a final monetary sanctions award.[7]

## V.    <u>Conclusion</u>

For the reasons stated, Defendants' motion for reconsideration (ECF No. 190) is denied. An appropriate Order follows.

Dated: August 17, 2023

<u>s/ Cathy L. Waldor</u>
Cathy L. Waldor, U.S.M.J.

---

[6] AdvanSix's sanctions motion also makes no mention of Rule 11. *Cf. Telluride*, 55 F.3d at 467 (discussing Rule 11 as alternative ground for sanctions, provided that certain procedural formalities are followed).

[7] Defendants are advised that their conduct in the forthcoming phases of determining their Rule 37 liability will be a significant factor in the Court's determination of this matter.